# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TED H. FULK,              : | |
|     Plaintiff,             : | |
|                            : | Case No. 3:10cv00306 |
|  vs.                       : | District Judge Walter Herbert Rice |
|                            : | Magistrate Judge Sharon L. Ovington |
| CLARK COUNTY JAIL FOOD     | |
| SERVICE, et al.,           : | |
|     Defendants.            : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Ted H. Fulk filed his case *pro se* complaint on July 29, 2010. At that time, he was a resident of Springfield, Ohio. Previously, in June 2010, Plaintiff had been a prisoner (perhaps a pre-trial detainee) in the Clark County Jail. (Doc. #3 at 26). Accepting the allegations of his Complaint as true and construing them liberally in his favor, Plaintiff sought to raise claims under the Eighth or Fourteenth Amendment to the United States Constitution. *Cf. Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994); *cf. also Malone v. Colyer*, 710 F.2d 258, 261 (6th Cir. 1983).

Plaintiff took no action in this matter after filing his Complaint. As a result, on November 30, 2010, the Court issued an Order to Show Cause informing Plaintiff that Fed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

R. Civ. P. 4(m) required him to effect service of summons and the Complaint on the named Defendants within 120 after the filing of the complaint...." (Doc. #35)(quoting Fed. R. Civ. P. 4(m). The Court directed Plaintiff to show cause why his case should not be dismissed for failure to effect timely service as required by Rule 4(m) or due to his lack of prosecution. The Clerk of Court mailed Plaintiff a copy of the Order to Show Cause. On December 8, 2010, the postal service returned the Order to Show Cause to the Clerk of Court marked "undeliverable." (Doc. #7).

If timely service is not effected, Rule 4(m) requires the Court – "upon motion or on its own initiative after notice to the plaintiff..." – to dismiss the action without prejudice as to any defendant not timely served. In addition, District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has not effected timely service as required by Rule 4(m), and he has not kept the Clerk of Court apprised of his current address. In addition, Plaintiff has not taken any significant action in this case since filing his Complaint on July 29, 2010. The record is therefore void of an explanation for Plaintiff's failure to effect timely service of summons and his Complaint. Under these circumstances, Rule 4(m) mandates dismissal of Plaintiff's Complaint without prejudice. Dismissal of his Complaint without prejudice is also warranted for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff Ted H. Fulk's Complaint be dismissed without prejudice; and

2. The case be terminated on the docket of this Court.

In addition, the Clerk of Court is directed to serve a copy of this Report and Recommendations and Show Cause Order upon Plaintiff by regular U.S. mail sent to <u>both</u> addresses he provided on the first page of his Complaint.

December 13, 2010                                                s/Sharon L. Ovington
                                                                                         Sharon L. Ovington
                                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).